**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YINGHAI XIA, | No. 08-73739 |
| Petitioner, | Agency No. A079-544-287 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Yinghai Xia, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding based on the inconsistency between Xia's written statement and his testimony regarding whether his mother was beaten when they were arrested. *See Pal v. INS*, 204 F.3d 935, 939-40 (9th Cir. 2000) (inconsistencies between testimony and application regarding injuries petitioner received during assaults went to heart of claim); *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003) (court is bound to accept adverse credibility finding as long as one identified ground is supported and goes to heart of claim). Xia's contention that he was not given a reasonable opportunity to explain the inconsistency is belied by the record. Accordingly, in the absence of credible testimony, we deny Xia's asylum and withholding of removal claims. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Further, Xia's CAT claim fails because it is based on the same statements the agency found not credible, and the record does not otherwise compel a finding it is more likely than not he would be tortured by or with the acquiescence of the government if returned to China. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**

08-73739